Joseph A. Cox, S.
The executor applies pursuant to subdivision 6 of section 20 of the Surrogate’s Court Act to vacate the decrees admitting the wills of these two decedents to probate in accordance with a settlement agreement and for the issuance of citations or supplemental citations to the two contestants that the issues raised by their objections will be set for trial. Herman Isaacs died on March 9, 1959. His will dated May 15, 1958 was presented for probate. Henrietta Isaacs, his wife, died on April 27,1959 and her will dated November 25,1957 was propounded. Objections to both wills were filed by Jerome S. Isaacs, a son, and by Burton Leavenworth, a grandson. The contested proceedings came on for trial and a stipulation of settlement was entered into on February 8, 1960. The stipulation provided, among other things, that contestant Isaacs would receive 40% of the net estates after payment of all administration expenses, taxes, debts and the legacy to Burton Leavenworth. The value of the corporation owned by decedent Herman Isaacs was to be determined by the valuation accepted by the Federal or New York State taxing authorities, whichever is higher. Within 60 days after the probate of the will of Henrietta Isaacs a payment of $5,000 on account of the settlement was *333 to be made to contestant Isaacs. Within the same period contestant Leavenworth was to be paid $2,000 on account of his legacy of $5,000, mentioned in the will of Herman Isaacs, from the assets in the estate of Henrietta Isaacs. Decrees admitting the wills to probate were subsequently signed.
Although the stipulation of settlement required a payment of $5,000 on account to contestant Isaacs, he was paid the sum of $6,000 after the estate assets were assembled. Contestant Leavenworth was paid $5,000 in full satisfaction of his legacy.
Petitioner, who is also a son of decedents, contends that contestant Isaacs did not enter into the stipulation of settlement in good faith and did not intend to stop the litigation because he has taken certain steps since then, such as, applying for the filing of inventories; requiring the executor to cause the corporation to be dissolved forthwith; to cause the executor to assume as an individual liability the burden and risk of losses by continuing the business; and to pay to said contestant his settlement share, or set apart such share based on the value of the corporation as of the date of death of Herman Isaacs. Petitioner also complains that contestant Isaacs has communicated with the Internal Revenue Service stating that assets have been withheld from the estate tax return and that gifts were made by the decedents to the petitioner. Contestant Isaacs argues that he has done nothing contrary to the stipulation but that any action that was taken by him was for the purpose of preserving his 40% interest under the settlement. Petitioner does not charge contestant Leavenworth with any acts in derogation of the stipulation of settlement.
Although the acts of contestant Isaacs complained of by the petitioner may have been vexatious and annoying they do not warrant the vacating of the probate decrees. He cannot be deprived of his right to protect his interest under the settlement in the same manner as would a legatee named in the wills. The applications are, therefore, denied. This disposition is not to be taken by the contestant Isaacs as approving or condoning the actions taken by him.
Despite the fact that these estates may not be in a position to make final accountings at this time, the court, in order to attempt to curtail the bickerings between the executor and contestant Isaacs, directs of its own motion that intermediate accounts be filed by the executor within 90 days and that he move to judicially settle the same.